UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYALNEH DILNESSA,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY S. O'BRIEN, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-00271-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND GRANTING LEAVE TO AMEND HER COMPLAINT<br><br>ECF No. 7<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

  Plaintiff, a former patient at Napa State Hospital, brings this case alleging that defendants had some uncertain involvement in the murder of her daughter. ECF No. 5 at 6. The complaint does not meet federal pleading standards, and I will give her an opportunity to amend and remedy this deficiency. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 7.

**I. Legal Standards**

  A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1 which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2 relief. *Id.*

3     A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13     The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20     **II.     Analysis**

21     Plaintiff's complaint is difficult to understand. She appears to allege that her daughter
22 was killed at Valley Medical Center in San Jose, California. ECF No. 5 at 2, 6. I cannot tell how
23 each of the non-hospital defendants—Kelly O'Brien, the Butte County Public Guardian, and the
24 Butte County Department of Behavioral Health—are alleged to have been involved in her
25 daughter's death. And, as to the hospital, I cannot tell what she is alleging transpired with respect
26 to her daughter. Plaintiff claims only that, in 2017, a non-defendant doctor named Anderson
27 called her and told her that he had to kill her daughter because "she was not going to be ok." *Id.*
28 at 6. Without additional context, this claim cannot proceed. Plaintiff must explain how each

1 defendant contributed to the death of her daughter.

2  Plaintiff may file an amended complaint that addresses these deficiencies. She is advised
3 that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*,
4 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will
5 need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule
6 220. Once an amended complaint is filed, the current complaint no longer serves any function.
7 Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each
8 claim and allege each defendant's involvement in sufficient detail. The amended complaint
9 should be titled "Amended Complaint" and refer to the appropriate case number.

10  Accordingly, it is hereby ORDERED that:

11  1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

12  2. Plaintiff is granted thirty days from the date of service of this order to file an amended
13 complaint. The amended complaint must bear the docket number assigned to this case and must
14 be labeled "First Amended Complaint." Failure to timely file an amended complaint in
15 accordance with this order will result in a recommendation this action be dismissed.

16  3. The Clerk of Court shall send plaintiff a complaint form with this order.

17
18 IT IS SO ORDERED.

19
20 Dated:   March 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3